Cartter, Oh. J.,
delivered the opinion of the court orally:
The question which has been principally discussed in this case relates to the powers of the District of Columbia to extend M street through private property. It is material to consider that this objection is not raised by the owner of the property. Indeed, by bringing his action for damages, he has consented to the appropriation of his land. Besides, the District authorities have not only condemned this property and procured a jury to assess the damage, but they have taken possession of it, and dedicated it to the purpose of a.public highway, and curbed and paved it for the public use. The case, we think, ought to be decided in view of these circumstances. It is not necessary to pass upon the question of power in the Legislative Assembly to pass the act of June 26, 1873. The power of opening streets and extending them through private property is usually delegated by the State Legislatures to municipal corporations, and they are constituted the sole judges of how and when the power should be exercised; the limitation being, of course, that compensation shall be made to the owners. We are not inclined to decide *422 whether Congress had invested the Legislative Assembly with this right of condemning private property. It is peiv haps inferable from their general legislative authority, and hence within the corporate powers of the District under the territorial government. But on that subject we do not desire to express an opinion. It is sufficient that the property in question has been appropriated for the purpose of a street. The plaintiff has been deprived of its use and occupation, and the defendant has dedicated it to the public use, and that dedication has been accepted and acted upon by the municipal authorities with the consent of the owner. It seems to us that these circumstances should relieve the case from any objection on the ground that the District had no right to appropriate this ground to the public use. The owner’s consent ought to remove any objection of this kind, and the District should not be permitted to set up its own wrong or irregularity to defeat the award of a jury summoned at its own instance for the express purpose of condemning the land and assessing plaintiff’s damage. A judgment in favor of the plaintiff will estop him from claiming any interest in the ground occupied by the street. There must be judgment in favor of the plaintiff' upon the demurrer.